**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

RICHARD THOMPSON,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendants.

---

**NOTICE OF REMOVAL**

---

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. § 1446, hereby removes the above-referenced action from the District Court, Denver County, Colorado, based on the following:

1. The above action was filed in the District Court, Denver County, Colorado, and is now pending before that Court. A copy of the Complaint is attached as Ex. A. A copy of the Civil Case Cover Sheet is attached as Ex. B. A copy of the Summons is attached as Ex. C. A copy of the Delay Reduction Order is attached as Ex. D. No other filings have occurred in the state court case. Contrary to the required procedures in the Colorado state courts, no District Court Civil (CV) Case Cover Sheet was filed by Plaintiff in the action.

2. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it is a civil action between parties of diverse citizenship, involving an amount alleged to be in controversy exceeding $75,000.00, exclusive of interest and costs.

3. Plaintiff resides in the State of Colorado, Grand County. *See* Compl. (Exh. A) ¶ 1. Additionally, the Complaint further states that Plaintiff had automobile insurance policies which were in effect at the time of the collision. *See* Compl. (Exh. A) ¶ 9. A Declaration Page for one of Plaintiff's policies with State Farm establishes a policy for the 2007 Yamaha involved in the Accident and a policy period of July 1, 2016 through July 1, 2017. Plaintiff's address on the Policy is listed as 894 Sagebrush Dr., Lochbuie, Colorado. *See* **Ex. E**, Policy Declaration page.

4. Still further, plaintiff's address is listed in the Traffic Accident Report as 6 La Plata Drive, Grandby, Colorado 80446. A copy of the State of Colorado Traffic Accident Report related to the subject accident (with private information redacted) is attached hereto as **Ex. F**. Plaintiff is therefore a Colorado citizen for purposes of diversity jurisdiction.

5. State Farm is a citizen of the State of Illinois, as it is an Illinois corporation with its principal place of business in Illinois. *See* Ex. A, ¶ 2; *see also* State Farm's listing with the Colorado Secretary of State business search website.[1] There is thus diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(c)(1).

6. This action involves an amount alleged to be in controversy exceeding $75,000, exclusive of interest and costs. The Civil Cover Sheet filed in the state court action establishes that the amount in controversy exceeds $75,000. *See* Ex. B, ¶ 2: "this case is not governed by C.R.C.P. 16.1 because . . . A monetary judgment over $100,000 is sought by any party against any other single party"; *Paros Properties, LLC v. Colo. Cas. Ins. Co.*, 835 f.3d 1264, 1272-73

---

[1] From a search for State Farm Mutual Automobile Insurance Company, at http://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&entityId2=19871032828&srchTyp=ENTITY&fileId=19871032828&masterFileId=19871032828. This Court may take judicial notice of this information pursuant to Fed.R.Evid. 201(b)(2).

(10th Cir. 2016) (Colorado state court civil cover sheet indicating amount sought is greater than $100,000 suffices to start "removal clock" for purposes of 28 U.S.C. § 1446).

7. Plaintiff's allegations in her Complaint also support an amount in controversy exceeding $75,000. This action arises from a motor vehicle accident involving the Plaintiff. Plaintiff alleges that he is entitled to an award of over $750,000 in underinsured motorist (UM) benefits under policies issued by State Farm for injuries alleged from the accident. See **Ex. A**, Complaint, ¶¶ 11, 15 and 17; double the UIM insurance benefit for denial of that benefit, and attorneys' fees pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 1116; and other damages from State Farm's alleged bad faith breach of insurance contract. *See, e.g.,* Ex. A, ¶¶ 18 and 19.

8. Given Plaintiff's alleged damages of at least $750,000, his claim for $750,000 in UM policy benefits, and his further claim for a penalty of double this amount under C.R.S. §10-3-1116 and for attorneys' fees, the asserted amount in controversy in this action exceeds $75,000.

9. Accordingly, State Farm has demonstrated by a preponderance of the evidence that it is entitled to remove this action pursuant to 28 U.S. C. § 1446(a). *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

Respectfully submitted,

*s/ Katherine K. Kust*
Jon F. Sands
Katherine K. Kust
Sweetbaum Sands Anderson PC
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Phone: (303) 296-3377
Fax: (303) 296-7343
jsands@sweetbaumsands.com
kkust@sweetbaumsands.com

ATTORNEYS FOR DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James E. Freemeyer
John-Michael H. Sorokolit
James E. Freemeyer P.C.
1575 Race St.
Denver, CO 80206

*s/ Megan MacLennan*